**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT CHARLES FISHER,**

    **Plaintiff,**

**v.**                                                                                                                                  **No. 20-cv-1058 SMV**

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social Security Administration,[1]**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision and Memorandum Brief [Doc. 25], filed on July 2, 2021. The Commissioner responded on September 27, 2021. [Doc. 29]. Plaintiff replied on October 10, 2022. [Doc. 32]. The parties have consented to my entering final judgment in this case. [Doc. 10]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Plaintiff fails to meet his burden as the movant to show either that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards or that his decision was not supported by substantial evidence. Accordingly, the Motion is not well-taken and should be denied. *See* 42 U.S.C. §405(g).

---

[1] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481 (1980). This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A) (2015); 20 C.F.R. § 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 416.920 (2012); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for supplemental security income on March 5, 2018. Tr. 15. He alleged a disability-onset date of March 1, 2018. *Id.* ALJ Jeffrey Holappa held a hearing on May 7, 2019, in Grand Rapids, Michigan. Tr. 15, 32. Plaintiff appeared via videoconference with his attorney from Roswell, New Mexico. Tr. 15, 32. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Diana L. Kizer. Tr. 15, 34.

The ALJ issued his unfavorable decision on December 19, 2019. Tr. 24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 17. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "status-post anorectal fistula repair, duodenal ulcer disease, [and] moderate diffuse gastritis." *Id.* The ALJ found that the following impairments were not severe: periodontitis, dyslipidemia, gastroesophageal reflux disease, squamous cell carcinoma of the lower lip, "very low grade hidradenitis suppurativa," anxiety, and post-traumatic stress disorder. Tr. 17–18. The ALJ did not mention major depressive disorder in his step-two discussion even though that diagnosis is present in the record. *Compare id.* (ALJ's step-two discussion), *with* Tr. 331 (diagnosis of "major depressive disorder, mild"), *and with* Tr. 371–75, 405–09 (diagnosis of "F33.1," which appears to correspond to recurrent major depressive disorder, moderate).

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 20. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 20–23. The

ALJ found that Plaintiff had the "[RFC] to perform the full range of medium work as defined in 20 [C.F.R. §] 416.967(c)." Tr. 20. The ALJ assessed no non-exertional or mental limitation. *Id.*

At step four, the ALJ found that Plaintiff was capable of performing his past relevant work as a salesclerk, short order cook, janitor, welder helper, and arc welder. Tr. 23. Therefore, the ALJ did not proceed to step five. Ultimately, the ALJ determined that Plaintiff had not been under a disability as defined by the Social Security Act and denied Plaintiff's claim. Tr. 24. The Appeals Council denied review on September 4, 2020. Tr. 1–3. Plaintiff timely filed the instant action on October 13, 2020. [Doc. 1].

## Discussion

Plaintiff fails to show that remand is warranted. First, although the ALJ erred in failing to determine whether Plaintiff's major depressive disorder was severe or non-severe at step two, Plaintiff was not prejudiced by that error. *See* [Doc. 25] at 4–5. The ALJ proceeded beyond step two in the sequential evaluation process and considered Plaintiff's depression in formulating the RFC. Tr. 20–23. Thus, Plaintiff was not prejudiced by the error at step two. Second, Plaintiff fails to show reversible error in the absence of any mental limitation in the RFC. *See* [Doc. 25] at 5–6. Plaintiff argues that certain portions of the consultative psychological opinion should have translated into mental limitations in the RFC. *Id.* However, the ALJ explicitly considered those portions of the opinion, Tr. 22, 23, and critically, Plaintiff fails to cite any authority suggesting that they could translate into functional limitations relevant to the RFC. Last, Plaintiff fails to show any reversible error in the ALJ's findings on Plaintiff's past relevant work. *See* [Doc. 25] at 6. Plaintiff challenges the ALJ's step-four findings on certain past jobs. However, the ALJ's

findings on other, unchallenged past jobs are adequate to support his decision. Plaintiff fails to show any reversible error, and the Motion should be denied.

I. Plaintiff fails to show that omission of his
major depressive disorder at step two was reversible error.

Plaintiff argues that the ALJ failed to correctly evaluate the medical evidence. [Doc. 25] at 2 (citing Social Security Ruling ("SSR") 16-3p). Plaintiff points to counseling records from Nurse Practitioner Boschero and a report from his psychological consultative examination, which show that Plaintiff suffers from major depressive disorder ("MDD"). *Id.* Nevertheless, the ALJ did not mention MDD in his step-two findings. Tr. 17–18. He did not find that Plaintiff's MDD was severe or non-severe. He simply did not mention it. *Id.* Plaintiff argues that this case should be remanded for the ALJ to determine whether Plaintiff's MDD was severe or non-severe. [Doc. 25] at 3, 4–5.

Although the Court agrees that the ALJ should have made a step-two finding as to Plaintiff's MDD, the error is not reversible. "As long as the ALJ finds one severe impairment, [he] may not deny benefits at step two but must proceed to the next step. Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Here, the ALJ found at least one severe impairment at step two and proceeded through the sequential evaluation process.

Although *Allman* can be distinguished from this case, it is still instructive. In *Allman*, the ALJ affirmatively found the impairment at issue to be non-severe. Whereas here, the ALJ made no finding either way about Plaintiff's MDD. Nevertheless, *Allman* offers applicable guidance.

In *Allman*, the step-two error was not reversible because the plaintiff was not prejudiced by it. The ALJ still proceeded through the sequential evaluation process and considered all the impairments, both severe and non-severe, in assessing the RFC. The same is true in this case. Here, the ALJ proceeded through the sequential evaluation process and clearly considered Plaintiff's depression in formulating the RFC. Tr. 22. Remand is not warranted on the ALJ's failure to make a step-two finding on Plaintiff's MDD.

## II. Plaintiff fails to show any error in the lack of mental restrictions in the RFC assessment.

In formulating an RFC assessment, it is critical that that the ALJ "consider the limiting effects of all . . . impairment(s), even those that are not severe." 20 C.F.R. § 416.945(e). In this case, the ALJ discussed and made findings on Plaintiff's depression throughout his decision. *See* Tr. 19 (noting that Plaintiff had "consistently shown depressed mood"); *id.* (noting medication for depression); *id.* (noting Plaintiff's depressed and sad mood and citing to Nurse Boschero's counseling records in assessing Plaintiff's ability to interact with others and to concentrate, persist, and maintain pace); Tr. 22 (discussing the consultative opinion that Plaintiff suffered from depression).

Even though the ALJ discussed Plaintiff's counseling records and consultative examination, and even though he made findings on Plaintiff's depression, Plaintiff argues that the ALJ erred by including no mental limitation in the RFC. [Doc. 25] at 5 (citing SSR 96-3p, which requires the ALJ to consider all relevant evidence, and citing POMS § DI 24510.001, which requires the ALJ to address all functional limitations). Specifically, Plaintiff points to the consultative examiner's opinion that Plaintiff "likely would need help managing money" and that

"his overall functioning may improve with counseling." Tr. 331; [Doc. 25] at 5. Plaintiff argues that these "additional, well-supported limitations would significantly impact [his] occupational base and possibly result in a finding of 'disabled' through [VE] [t]estimony." *Id.* at 6. The Court is not persuaded.

Importantly, the ALJ said he considered all the evidence, *e.g.*, Tr. 17, and the Court takes him at his word. *See Wall v. Astrue*, 561 F.3d 1048, 1070 (10th Cir. 2009) ("Where, as here, the ALJ indicates he has considered all the evidence our practice is to take the ALJ at his word.") (internal quotation marks and brackets omitted). In fact, the ALJ explicitly considered the disputed portions of the consultative opinion in his decision. Tr. 22 ("He likely would need help managing money."); Tr. 23 ("His overall functioning may improve with counseling.").

More to the point, however, Plaintiff fails explain what functional limitations the disputed statements would support. Plaintiff also fails to cite to any authority suggesting that the disputed language from the psychological consultative report ("likely would need help managing money" or "his overall functioning may improve with counseling." Tr. 331) should—or even could—translate into functional limitations in the RFC assessment. The consultative opinion that Plaintiff's overall functioning may improve with counseling does not translate to any particular functional limitation.

Similarly, Plaintiff offers no authority suggesting that the consultative opinion (that Plaintiff likely would need help managing money) translates into any particular functional limitation. The Court has surveyed the caselaw from district courts in the Tenth Circuit and from every circuit court in the United States and found no case suggesting that this type of opinion (that a plaintiff likely would need help managing money) translates into a functional limitation in an

8

RFC assessment.[4]  Further, it is this Court's experience, having reviewed hundreds of social security appeals, that references to a plaintiff's ability to manage his own money typically bears on whether he would need a representative payee if awarded benefits.  *See, e.g.*, 20 C.F.R. § 416.615(b) ("In determining whether to make representative payment we consider . . . . the opinion of the physician or other medical professional as to whether the beneficiary is able to manage or direct the management of benefit payments.").  Plaintiff bears the burden as the movant before this Court to show that that ALJ committed reversible error.  Without citation to any authority, Plaintiff does not meet that burden.

### III. Plaintiff fails to show reversible error at step four regarding his past relevant work.

Plaintiff argues that the ALJ erred in characterizing certain of his past jobs as "past relevant work" because "they were not done at SGA levels."  [Doc. 25] at 6.  It appears that Plaintiff is attempting to argue that he did not earn enough from these past jobs (short order cook, welder helper, and arc welder) to be considered "substantial gainful activity" ("SGA"), and therefore, these jobs could not qualify as "past relevant work."  *Id.*  This argument is without merit for two reasons.  First, Plaintiff fails to cite to any evidence supporting his assertion these jobs "were not done at SGA levels."  *Id.*; [Doc. 32] at 4–5.  More importantly, however, even if Plaintiff could show a lack of SGA, he fails to show any prejudice.  Even disregarding these jobs, the ALJ still

---

[4] Plaintiff argues that the additional limitations from the consultative opinion would "possibly result in a finding of 'disabled' through Vocational Expert [t]estimony". [Doc. 25] at 6.  To the extent that needing help managing money could translate into a limitation to unskilled work, Plaintiff could not show that he was prejudiced by the ALJ's failure to include unskilled work in the RFC assessment.  The ALJ asked the VE at the hearing about unskilled work.  Tr. 63–64.  The VE testified that if Plaintiff were limited to medium, unskilled work—i.e. if unskilled were added to the RFC—there would still be jobs in the national economy that Plaintiff could perform, namely hand packager, dining room attendant, and laboratory equipment cleaner.  Tr. 64.

found that other past jobs, including salesclerk and short order cook, qualified as PRW. Tr. 23. Plaintiff fails to show reversible error. Remand is not warranted.

## Conclusion

Plaintiff fails to show that remand is warranted either for ALJ's evaluation of his major depressive disorder, *see* [Doc. 25] at 4, or for the absence of any mental limitation in the RFC, *see id.* at 5. Similarly, Plaintiff fails to show any reversible error in the ALJ's findings on Plaintiff's past relevant work. *See id.* at 6.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 25] be **DENIED**. The Commissioner's final decision is AFFIRMED.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**